UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jason Lamberson,** | Civil No. 11-98 (RHK/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Financial Crimes Services, LLC,** | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This litigation comes before the undersigned on a motion, by plaintiff Jason Lamberson, to strike an offer of judgment (Doc. No. 6). Mr. Lamberson (Lamberson) is represented by Patrick L. Hayes, Esq. Defendant Financial Crimes Services (FCS) is represented by Jessica S. Williams, Esq. Because this motion presents potentially dispositive questions that are beyond the scope of magistrate jurisdiction, it is appropriately addressed through a report and recommendation under 28 U.S.C. § 636.

**A.     Introduction**

Lamberson has brought a putative class action against FCS for violations of the Fair Debt Collection Practices Act (FDCPA). On the same date that FCS filed its answer to the complaint, it also served Lamberson with an offer of judgment under Rule 68. The offer was in the amount of $1,001 plus all costs and attorney fees incurred. The parties do not contest that this offer fully satisfies Lamberson's individual claim. Pursuant to the pretrial scheduling order, a motion for class certification is anticipated but has yet to be filed.

There are ordinarily two concerns that motivate a putative class representative to move to strike an offer of judgment. One is subject matter jurisdiction. If the offer of judgment satisfies

the individual claim of the putative class representative, this raises a question of whether there is a controversy between the representative and the defendant. Should the offer of judgment render the controversy moot, then the representative may lack standing to proceed with the case, thus depriving the court of subject matter jurisdiction.

The other concern is conflict of interest. If a plaintiff refuses an offer of judgment and later obtains a judgment for less than the offer, then in accordance with Rule 68(d), the plaintiff becomes liable to the defendant for all costs incurred after the offer. In the context of a putative class action, this creates a potential conflict of interest between the putative class representative and the putative class. If the final judgment is less than the unaccepted offer, the representative arguably is subject to cost liability, but this risk is not borne by the class. For this reason, the representative has an incentive to avoid litigation or settle, to the possible detriment of the class.

In his motion to strike, Lamberson focuses on the question of conflict of interest, arguing that this provides sufficient reason to strike the offer of judgment. FCS challenges this position, and further implies that if the offer does render Lamberson's claim moot, this may be the subject of a forthcoming motion to dismiss. Opposing the motion to strike, moreover, FCS cites several cases that directly consider subject matter jurisdiction. *See, e.g., Lucero v. Bureau of Collection Recovery, Inc.*, 716 F.Supp.2d 1085, 1096-97 (D.N.M. 2010).

Notwithstanding the parties' express arguments, even cursory review of the relevant case law indicates that in a putative class action, a precertification offer of judgment amounts to a collateral attack on subject matter jurisdiction. For that matter, in some cases, a motion to strike the offer of judgment proceeds at the same time as a motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Radha Geismann, M.D., P.C. v. Allscripts Healthcare Solutions, Inc.*, — F.Supp.2d —, 2011 WL 148409 at *1 (N.D.Ill. 2011).

This Court cannot analyze the motion to strike, therefore, without deciding questions that have ramifications for subject matter jurisdiction. Just as importantly, courts have an ongoing obligation to consider their subject matter jurisdiction and may do so on their own initiative. Fed. R. Civ. P. 12(h)(3); *Sac & Fox Tribe of the Mississippi & Iowa, Election Board v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006).

With due regard for this obligation, this Court will fully consider the question of subject matter jurisdiction at this time, even though FCS has not moved to dismiss. Because this issue goes to the merits, it is beyond the scope of magistrate judge jurisdiction under 28 U.S.C. § 636, and instead is properly committed for a final decision before District Judge Richard H. Kyle. As a result, this Court declines to issue a final order regarding the motion to strike, and instead has proceeded with this report and recommendation.

**B.      Subject Matter Jurisdiction**

Regarding subject matter jurisdiction, the underlying question is whether a putative class action is rendered moot by a precertification offer of judgment to the putative class representative. A majority of published decisions have concluded that, so long as the representative diligently proceeds with a motion for class certification, the offer does not moot the litigation or deprive the court of subject matter jurisdiction. *See, e.g., Weiss v. Regal Collections*, 385 F.3d 337, 348-49 (3d Cir. 2004); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F.Supp.2d 1020, 1030 (N.D.Ohio 2010); *Jenkins v. General Collection Co.*, 246 F.R.D. 600, 602 (D.Neb. 2007).

The primary rationale is that, even from the outset of a putative class action, the interests of the putative class are implicated and will sustain a controversy. *See, e.g., Stewart v. Cheek & Zeehandelar*, 252 F.R.D. 384, 385-86 (S.D.Ohio 2008); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 401-02 (E.D.Pa. 2006). One appellate court has further held that an anticipated

motion for class certification relates back to the filing of the complaint. *Weiss*, 385 F.3d at 346-47. So even if a precertification offer of judgment redresses the injuries of the plaintiff, this does not moot the controversy as to the putative class. *See, e.g., Weiss*, 385 F.3d at 348; *Hrivnak*, 723 F.Supp.2d at 1029.

There are also significant policy considerations that favor the majority rule. In strongly worded dicta, several leading authorities warn against the use of offers of judgment to thwart class actions. *See, e.g., Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980) (Rehnquist, J., concurring); *Griesz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (Posner, J.). This ensures that a defendant cannot unilaterally stymie class action litigation, and it allows similarly situated plaintiffs to aggregate smaller claims, promoting judicial efficiency. *See, e.g., Weiss*, 385 F.3d at 343-45.

This Court concludes that the majority rule is sound and will adopt it here. To the extent that the offer of judgment is a vehicle for attacking subject matter jurisdiction, this may also supply cause to strike the offer. But as will be explained later on, the offer should not be stricken for this reason alone.

FCS principally relies on cases that take a minority view. They hold that, until a class is certified, the putative class has no interest in the litigation. If a precertification offer of judgment completely satisfies the plaintiff's claims, therefore, the litigation is dismissed as moot for lack of subject matter jurisdiction. *See, e.g., Lucero v. Bureau of Collection Recovery, Inc.*, 716 F.Supp.2d 1085, 1097 (D.N.M. 2010);[1] *see also Ward v. Bank of New York*, 455 F.Supp.2d 262, 268 (S.D.N.Y. 2006).

---

[1] After the parties completed their briefing, this case was overruled by the Tenth Circuit, further undermining the minority rule. *Lucero v. Bureau of Collection Recovery, Inc.*, — F.3d —, 2011 WL 1184168 at *9 (10th Cir. 2011).

The weight of authority contradicts this view, and perhaps as importantly, the minority often resorts to a strained interpretation of precedent. *See Lucero*, 716 F.Supp.2d at 1093 (citing *Murray v. Fidelity Nat'l Fin., Inc.*, 594 F.3d 419 (5th Cir. 2010) and *Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994) although neither involved offers of judgment); *Ward*, 455 F.Supp.2d at 268 (citing *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) and *Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir. 1983), where the offers of judgment occurred following denial of class certification). For these reasons, this Court does not find the minority rule persuasive.[2]

**C.   Conflict of Interest**

The other issue is whether a precertification offer of judgment creates an impermissible conflict of interest between the putative class representative and the putative class. As discussed at the outset, if the putative class representative faces cost liability but the putative class does not, this creates an incentive for the representative to act against the interests of the class. Because of this conflict, some courts have invalidated precertification offers of judgment. *Hrivnak v. NCO Portfolio Mgmt.*, 723 F.Supp.2d 1020, 1030-31 (N.D.Ohio 2010); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 402-03 (E.D.Pa. 2006).

This rule finds significant support in dictum from the Eighth Circuit. *Alpern v. Utilicorp United, Inc.* involved an informal tender, rather than an offer of judgment under Rule 68, but the underlying concerns were similar. The court observed,

---

[2]   Aside from the rules outlined above, a few cases carve out an intermediate approach. They have ruled that, before the deadline for acceptance of a precertification offer of judgment, the putative class representative can maintain the controversy by immediately moving for class certification. *See, e.g., Radha Geismann, M.D., P.C. v. Allscripts Healthcare Solutions, Inc.*, — F.Supp.2d —, 2011 WL 148409 at *5-*6 (N.D.Ill. 2011). But this rule has not received much support. The main criticism is that it results in a race to the courthouse, whereby an offer of judgment forces the representative to prematurely move for class certification. *See, e.g., Stewart v. Cheek & Zeehandelar*, 252 F.R.D. 384, 385-86 (S.D.Ohio 2008); *Harris v. Messerli & Kramer, P.A.*, No. 06-4961, 2008 WL 508923 at *4 (D.Minn. Jan. 2, 2008).

5

> Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and costs of the suit.
>
> This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims.

84 F.3d 1525, 1539 (citations omitted). The court essentially acknowledged that, until class certification is decided, an offer should not interfere with obligations of the representative to the class.

This Court concludes that, to prevent an improper conflict of interest between a putative class representative and the putative class, a precertification offer of judgment must be deemed ineffective. *See, e.g., Hrivank*, 723 F.Supp.2d at 1030; *Jenkins v. General Collection Co.*, 246 F.R.D. 600, 602 (D.Neb. 2007). For this reason, and to the extent that the offer of judgment may also constitute a collateral attack on subject matter jurisdiction, Lamberson's motion is properly granted and the offer of judgment should be stricken.

**D.     Procedural Issues**

NCS also lodges some procedural arguments against the motion to strike. For instance, NCS correctly observes that motions to strike are only allowed under Rule 12(f), which is limited to the striking of pleadings.

A few courts have rejected this concern outright. *See Smith v. NCO Financial Sys., Inc.*, 257 F.R.D. 429, 434 (E.D.Pa. 2009) (reasoning that, notwithstanding lack of express authority under the rules, this problem was outweighed by potential abuse of offers of judgment). Others have denied motions to strike, yet simultaneously ruled that a precertification offer of judgment was ineffective, providing the relief that was sought anyhow. *Hrivnak v. NCO Portfolio Mgmt.*,

*Inc.*, 723 F.Supp.2d 1020, 1029 (N.D.Ohio 2010); *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003).

Whether an offer of judgment can be stricken, or simply declared ineffective, is the sort of technicality that elevates form over substance. As a practical matter, the motion to strike seeks to invalidate the offer of judgment, and there is cause to grant this relief. The most efficient way to acknowledge this outcome is by granting the motion to strike.

NCS further argues that any questions regarding the effects of the offer of judgment are unripe, relying on an unpublished decision from this District. *Bryant v. Bonded Accounts Servs.*, No. 00-1072, 2000 WL 33955881 (D.Minn. Aug. 2, 2000). This Court disagrees. As the prior analysis illustrates, a precertification offer of judgment has significant ramifications in a putative class action, long before a defendant seeks costs under Rule 68(d). Because there are currently meaningful legal disputes regarding the effect of the offer of judgment, the motion to strike is ripe for adjudication. *See generally Jenkins v. General Collection Co.*, 246 F.R.D. 600, 602-03 (D.Neb. 2007).

**E.     Conclusion**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Lamberson's motion to strike the offer of judgment (Doc. No. 6) be **GRANTED.**

Dated this 13th day of April, 2011.

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **April 28, 2011.** A party may respond to the

objections within fourteen days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.